**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROSE TIRELLI,**

                                        **Plaintiff,**

          **vs.**                                        **1:12-CV-1066**
                                                    **(MAD/CFH)**

**JOSEPH O'CONNELL, Individually and in**
**his Official Capacity as a Police Officer of the**
**Town of Greenport,**

                                        **Defendant.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

Rose Tirelli
12 Worth Avenue
Hudson, NY 12534
518-821-1639
*Plaintiff Pro Se*

Towne, Ryan & Partners, P.C.                    Elena DeFio Kean, Esq.
450 New Karner Road
P.O. Box 15072
Albany, NY 12205
*Attorneys for Defendant*

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

          Plaintiff *pro se* Rose Tirelli ("plaintiff") commenced the within action pursuant to 42

U.S.C. § 1983 alleging that defendant violated her constitutional rights in connection with an

arrest that occurred in January 2006.  Presently before the Court is defendant's motion to dismiss

plaintiff's complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 13).[1]  Plaintiff

has opposed defendant's motion.  (Dkt. No. 20).

## BACKGROUND[2]

### I.    State Court Action

On December 27, 2006, prior to filing the within action, plaintiff brought an action in New

York State Supreme Court, Columbia County.[3]  In that complaint, plaintiff alleged that defendant

conspired with a Columbia county resident to have plaintiff arrested and prosecuted in retaliation

for plaintiff firing the resident's son from employment at a restaurant called *The Tuscan Oven*.

Plaintiff claimed that defendant obtained statements from minors who had been served alcoholic

beverages at The Tuscan Oven in December 2005.  On January 6, 2006, defendant executed

several misdemeanor complaints charging plaintiff with four counts of unlawfully dealing with a

child in the first degree; one count of unlawfully dealing with a child in the second degree; and

four counts of prohibited sales in violation of 65-1 of the New York State Alcoholic Beverage

Control Law.  Plaintiff claims that defendant also contacted the local newspaper regarding the

charges.  In the complaint, plaintiff alleges that she was arrested on January 6, 2006. The charges

were dismissed on August 14, 2006.

---

[1] The Clerk of the Court forwarded a Notice to plaintiff with respect to the motion advising that any response was due on September 17, 2012. (Dkt. No. 15).

[2]  The background information is taken from plaintiff's complaint.  These are not findings of fact by the Court.  In reviewing the complaint, the Court accepts as true all factual allegations and draws all reasonable inferences in plaintiffs' favor for purposes of the pending motion. *See ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007).  The Court also takes judicial notice of certain documents annexed to defendant's motion papers.  Although these documents were not attached to the Complaint, "[i]n the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case sub judice." *Ferrari v. County of Suffolk*, 790 F.Supp.2d 34, 38 n. 4 (E.D.N.Y.2011) (citations omitted); *see also Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 n. 3 (2d Cir. 2000) (citing Fed.R.Evid. 201). This is discussed further *infra*.

[3] At the time that the state court complaint was filed, plaintiff was represented by Mario D Cometti, Esq. Based upon the documents annexed to defendant's motion, plaintiff is currently represented, in the state court action, by Eric Schneider, Esq.

Plaintiff asserted four causes of action against defendant and his former employer, the Town of Greenport.  Plaintiff alleged common law claims for libel and slander, false arrest and malicious prosecution.  Plaintiff also asserted a claim for malicious prosecution and false arrest pursuant to 42 U.S.C. § 1983.[4]

Defendants filed a motion for summary judgment.  Plaintiffs did not oppose the motion with respect to defendant, Town of Greenport and as such, the motion was granted.  As to the defendant herein, the Honorable Jonathan D. Nichols issued an Amended Decision & Order on October 17, 2011.  The Court awarded defendant summary judgment on plaintiffs' claims for slander and libel.  The Court also awarded summary judgment and dismissed plaintiffs' action pursuant to 42 U.S.C. § 1983 holding, "plaintiffs failed to adduce any evidence that Defendant O'Connell's alleged tortious conduct arose from a policy of the Town of Greenport Police Department".   The Court denied defendant's motion for dismissal of plaintiff's common law false arrest and malicious prosecution claims with leave to renew.  The Court noted that, in opposition to the motion, plaintiffs provided an affidavit from Brittany Simpson.  Ms. Simpson's affidavit contradicted her prior affidavit and deposition testimony of record.  While noting that issues of credibility are for the fact-finder, the Court re-opened discovery and allowed defendant to notice Ms. Simpson for a non-party deposition.  The Court advised that it would, "entertain any motion the Defendant sees fit to bring seeking a successive motion for summary judgment . . . based, in material part, on information gleaned from Ms. Simpson's non-party deposition."

Ms. Simpson was never deposed.  On June 11, 2012, defendant filed a motion for summary judgment seeking to dismiss the common law false arrest and malicious prosecution claims.  Plaintiffs did not opposed that motion despite receiving an extension of time.  Moreover,

---

[4] Additional causes of action were asserted on behalf of the co-plaintiff, Roque, Inc., the owner of *The Tuscan Oven.*

plaintiff failed to respond to the Court's inquiry regarding whether they would oppose the motion. On January 9, 2013, the Court entered a decision awarding defendant summary judgment dismissing plaintiffs' state court complaint in its entirety.

## II.    Federal Complaint

In October 2011, plaintiff filed the within complaint alleging that, on January 6, 2006, defendant entered plaintiff's home and arrested plaintiff without an arrest warrant and without reading plaintiff her *Miranda* rights.  Plaintiff claims that defendant "badgered" her for fifteen minutes in response to plaintiff's questions regarding the arrest.  Plaintiff claims that defendant eventually responded, "You'll find out".  Plaintiff alleges that she was ordered to leave her residence and directed to a marked police vehicle where another police officer, in uniform, was present.  Plaintiff was handcuffed and transported to the local police station for further questioning.  Plaintiff again asked defendant why she was arrested and he responded, "You'll see" and then stated that he "heard that plaintiff was serving liquor to minors".  Upon arrival at the police station, defendant did not read plaintiff her *Miranda* rights and handcuffed plaintiff to a bench.  Plaintiff remained in the station for "several hours".  A judge finally arrived and plaintiff paid bail and was released.

On July 2, 2012, plaintiff filed the within action alleging three causes of action.  Plaintiff claims that she was "negligently imprisoned" by defendant without service of an arrest warrant and without reading plaintiff her *Miranda* rights.  Plaintiff further alleges that her, "constitutional rights were violated" due to plaintiff being "negligently endangered" and malicious prosecution.

## DISCUSSION

Defendant moves to dismiss the within action in its entirety based upon the applicable statutes of limitations and *res judicata*.

## I.       STANDARD ON A MOTION TO DISMISS UNDER 12(B)(6)

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief and pleadings without considering the substantive merits of the case. *Global Network Commc'ns v. City of New York*, 458 F. 3d 150, 155 (2d Cir. 2006); *Patane v. Clark*, 508 F. 3d 106, 111–12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F. 3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself" unless all parties are given a reasonable opportunity to submit extrinsic evidence. *Faulkner v. Beer*, 463 F. 3d 130, 134 (2d Cir. 2006). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a district court generally must confine itself to the four corners of the complaint and look only to the allegations contained therein. *Robinson v. Town of Kent, N.Y.*, 2012 WL 3024766, at *3-4 (S.D.N.Y. 2012) (citing *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a) (2), with sufficient facts "to 'sho[w] that the pleader is entitled to relief[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at

5

678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the [ ] complaint must be dismissed[.]" *Id.* at 570.

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 127 (2007). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir.2002). The Second Circuit has held that, on a motion to dismiss, a court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Tech. Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

## II.      Statute of Limitations

## A.      State Law Claims

Defendant argues that to the extent that plaintiff attempts to assert state law claims in this action, plaintiff's claims for false imprisonment, false arrest and malicious prosecution are time barred because such actions must be commenced within one year from the date those actions accrued. Moreover, defendant contends that plaintiff's attempt to characterize these claims as "negligent" does not warrant a different conclusion.

Under New York law, false arrest and false imprisonment claims are subject to a one year statute of limitations. N.Y. C.P.L.R. § 215(3); *see also Del Col v. Rice,* 2012 WL 6589839, at *10 (E.D.N.Y. 2012) (collecting cases). The date of accrual is when a plaintiff is released from custody. *Id.* (citing *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) ("[u]nder New York law a claim for [false arrest] accrues ... at the time when plaintiff is released from jail")). According to the complaint, plaintiff was arrested on January 6, 2006 and remained "alone for several hours in the police station until the judge arrived so as to arraign plaintiff". Plaintiff further alleges that she was "arraigned in front of said judge, bail was set for plaintiff, which plaintiff paid to be released". Thus, even assuming plaintiff remained in custody until January 7, 2006, the state law causes of action for false arrest and false imprisonment accrued on January 6, 2006 or January 7, 2006 and lapsed on January 6, 2007 or January 7, 2007.

Under New York law, the one-year statute of limitations also governs a cause of action for malicious prosecution. The cause of action begins to run upon termination of the underlying proceeding. *Douglas v. New York State Adirondack Park Agency* , 2012 WL 5364344, at *6 (N.D.N.Y. 2012) (collecting cases). As the record indicates, the criminal charges against plaintiff were dismissed on August 14, 2006. Thus, the state law cause of action for malicious prosecution lapsed on August 14, 2007.

In her opposition, plaintiff references the fact that her claims are for "negligent" endangerment and imprisonment". In determining which limitations period is applicable to a given claim, the court must look to the substance of the allegations rather than to the characterization of those allegations by the parties. *Tong v. Target, Inc.*, 83 A.D.3d 1046, 1046-1047 (2d Dep't 2011) (collecting cases). A plaintiff cannot not avoid the running of the limitations period merely by attempting to couch the claim as one sounding in negligence. *Id.*

7

(collecting cases).  Here, the factual allegations in the first and second cause of action clearly set

forth only intentional tortious conduct on the part of the defendant:

> As and for plaintiff's first cause of action, plaintiff states that
> plaintiff's constitutional rights were violated in being negligently
> imprisoned caused by defendant ordering plaintiff out of plaintiff's
> personal residence without service of process upon plaintiff of an
> arrest warrant, without reading plaintiff Miranda rights, and, as based
> upon hearsay.
>
> As and for plaintiff's second cause of action, plaintiff states that
> plaintiff's constitutional rights were violated due to plaintiff being
> negligently endangered upon defendant forcing plaintiff out of her
> personal residence based upon heresay [sic], without defendant
> evidencing an arrest warrant, without defendant reading plaintiff
> Miranda rights, so as for defendant to then escort plaintiff to a parked
> marked police car, as located in pitch black darkness in the adjacent
> Farrell car lot, without defendant offering to plaintiff any means of
> illumination so as for plaintiff to view the area to which defendant was
> escorting plaintiff.

Pltf. Cmplt. at ¶ 5, 6.

Since the acts complained of would be intentional, plaintiff's first and second cause of

action are governed by the one-year limitations period, which, as discussed *supra,* expired prior to

commencement of this action.  Consequently, to the extent that plaintiff attempts to assert any

state claims under New York law for false imprisonment, false arrest or malicious prosecution,

such claims are dismissed as time-barred.

## B.    Federal Law Claims

In a Section 1983 case, the law of the state in which the cause of action arose will

determine the length of the statute of limitations.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).

"For § 1983 actions arising in New York, the statute of limitations is three years".  *Eagleston v.*

*Guido*, 41 F.3d 865, 871 (2d Cir.1994).  The accrual date for such a cause of action is a question

of federal law.  *Libreros v. City of New York*  2012 WL 1821415, at *2 (E.D.N.Y. 2012) (citing

*Wallace*, 549 U.S. at 388); *see also Poux v. County of Suffolk,* 2010 WL 1849279, at *14 (E.D.N.Y. 2010) (the accrual date for a false arrest or false imprisonment claim asserted under state law is different than the accrual date for such claims asserted under federal law, i.e., pursuant to Section 1983). Under federal law, a false arrest claim accrues when the false arrest ends. *Liberos*, 2012 WL 1821415, at *2 (the plaintiff was arrested on September 24, 2007 and was arraigned and remanded to Rikers Island the next day. Thus, the limitations period commenced on September 25, 2007, and the federal false arrest claim expired three years later, on September 25, 2010); *see also Johnson v. Department of Housing Preservation and Development* 218 F. App'x 5, 7 (2d Cir. 2007) (the plaintiff claimed that he had been "illegally arrested" on October 12, 2001 but filed a complaint on October 29, 2004, more than three years after his arrest, thus the claim relating to that arrest was time-barred.) Claims for malicious prosecution, which are governed by the same three-year statute of limitations, do not accrue until criminal proceedings have terminated in a plaintiff's favor. *Elek v. Inc. Vill. of Monroe,* 815 F.Supp.2d 801, 808 (S.D.N.Y. 2011) (citing *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)); *see also Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir.1995) (noting that the statute of limitations for a § 1983 malicious prosecution claim "starts to run only when the underlying criminal action is conclusively terminated").

In this instance, as discussed *supra*, plaintiff was arrested in January 6, 2006 and released either the same day or on January 7, 2006 after posting bail. Thus, plaintiff's federal cause of action for false imprisonment and false arrest expired on January 6, 2009 or January 7, 2009. *See Tribble v. City of New York,* 2013 WL 69229, at *3 (S.D.N.Y. 2013) (the claim for false arrest accrued on or shortly after September 20, 2005, the date on which he was arrested) . The criminal charges against plaintiff were dismissed on August 14, 2006. Thus, plaintiff's cause of action for

malicious prosecution lapsed on August 14, 2009.  The complaint herein was filed on October 3, 2011.  Accordingly, plaintiff's federal causes of action are time barred and must be dismissed.

### III.   Res Judicata and Federal Claims

In the alternative, defendant argues that plaintiff is precluded from asserting any federal claims based upon the doctrine of res judicata.  Defendant contends that the claims are based upon the same facts and circumstances of the state court action, which Judge Nichols resolved on summary judgment.[5]  When deciding a Rule 12(b)(6) motion, a court may consider matters of public record and may take judicial notice of prior court decisions.  *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir.1998); *Conopco, Inc. v. Roll. Int'l*, 231 F.3d 82, 86 (2d Cir. 2000). Res judicata applies only if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

Here, the first factor is met because the parties are the same.  With respect to the second requirement, Judge Nichols awarded defendant summary judgment and dismissed plaintiff's 1983 claims "on the merits" holding:

> Inasmuch as the Plaintiffs have admitted that they have no viable cause of action against municipal Defendants, and have additionally failed to adduce any evidence that Defendant O'Connell's alleged tortious conduct arose from a policy of the Town of Greenport, or the Town of Greenport Police Department, they have failed to meet a prerequisite for maintaining a viable cause of action pursuant to 42 U.S.C. 1983.

---

[5] Defendant did not assert this argument in connection with the state law claims because Judge Nichols' decision awarding defendant summary judgment in the state court action was entered after the within motion was fully briefed and submitted to this Court for consideration.  As the Court has already determined that plaintiff's state law causes of action are barred by the applicable statutes of limitations, the Court will not address whether res judicata precludes plaintiff from asserting any state law claims herein.

The Court ordered, "the [d]efendant's motion for summary judgment as to plaintiffs' first, fourth and fifth causes of action is granted, while the defendant's motion for summary judgment as to plaintiffs' second and third causes of action is denied".  In the state court complaint, the fourth cause of action was entitled "Malicious Prosecution and False Arrest Based upon 42 U.S.C. 1983".

Defense counsel has averred that plaintiff has not appealed this decision and plaintiff does not refute that assertion.  Moreover, even if plaintiff decided to appeal any portion of the state court's decision, "an appeal of a New York trial court's judgment on the merits does not render the judgment any less final for purposes of res judicata." *Id*. (citing *Petrella v. Siegel*, 843 F.2d 87, 90 (2d Cir.1988)).

The only factor which plaintiff disputes is the third requirement.  Plaintiff argues that her § 1983 causes of action are based upon "negligent imprisonment" and "negligent endangerment" arising out of her arrest.  Plaintiff claims these are distinguishable from her state court action, where plaintiff alleged a 1983 cause of action based upon "false arrest".  " New York courts have adopted a transactional approach to res judicata, such that a final decision in one action bars all subsequent claims arising out of the same transaction or series of transactions." *Brooks v. Guiliani*, 84 F.3d 1454, 1463 (2d Cir.1996).  Upon review of both complaints, the Court discerns no distinction between plaintiff's federal claims.  *See Excell v. City of New York*, 2012 WL 2675013, at *3 -4  (E.D.N.Y. 2012) ("[t]he only difference between the claims raised in state court and the claims raised here is that plaintiff has replaced his § 1983 false arrest claim with a § 1983 claim for 'wrongful imprisonment' [. . . ] [b]ut plaintiff brought a § 1983 claim for "detention and confinement" in state court which appears indistinguishable from the 'wrongful imprisonment' claim brought here").  Prior to the commencement of the present case, plaintiff's

malicious prosecution and false arrest claims, based upon section 1983, were dismissed on their merits. The federal claims in plaintiff's present complaint and state complaint "involve the same series of transactions - plaintiff's arrest". *See Johnson v. Dep't of Housing Preservation and Dev.*, 218 F. App'x 5 (2d Cir. 2007). Plaintiff had full and fair opportunity to raise the claims in state court that she now raises before this Court. *See Haughton v. Burroughs*, 2004 WL 330242, at *5 (S.D.N.Y. 2004). Thus, res judicata bars plaintiff from relitigating the claims against defendant in the present case. Accordingly, all of plaintiff's § 1983 claims are dismissed.

## CONCLUSION

It is hereby

**ORDERED** that defendant's motion to dismiss plaintiff's complaint (Dkt. No. 12) is **GRANTED**.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: February 13, 2013
     Albany, New York

**Mae A. D'Agostino**
**U.S. District Judge**