**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ROSE TIRELLI,**

                            **Plaintiff,**

    vs.                                                 **1:12-cv-01066
                                                              (MAD/CFH)**

**JOSEPH O'CONNELL, Individually and in his
Official Capacity as a Police Officer of the Town
of Greenport,**

                            **Defendant.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**ROSE TIRELLI**
12 Worth Avenue
Hudson, New York 12534
Plaintiff *pro se*

**TOWNE, RYAN & PARTNERS, P.C.**         **ELENA DEFIO KEAN, ESQ.**
450 New Karner Road
P.O. Box 15072
Albany, New York 12205
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced an action in this Court on July 2, 2012 alleging (1) that Defendant "negligently imprisoned" her, (2) that she was "negligently endangered," which violated her constitutional rights, and (3) that she was maliciously prosecuted. *See* Dkt. No. 25 at 4. On February 13, 2013, this Court dismissed Plaintiff's claims as barred by both the statute of limitations and by res judicata. *See* Dkt. No. 25 at 6-12.

Currently before the Court is Plaintiff's motion to reopen the case, as well as her motion for a default judgment. *See* Dkt No. 28 at 4-5; Dkt. No. 31 at 1-2. In addition, Plaintiff submitted

an amended caption, and requests costs and attorney fees. *See* Dkt. No. 28 at 3; Dkt. No. 31-2 at 2. Defendant asserts that Plaintiff's motion to reopen the case must be denied because "there is no set of facts that would overcome the statute of limitations or res judicata doctrines that were the basis for the original dismissal." *See* Dkt. No. 33-8 at 5. Defendant claims that none of the reasons to permit reopening listed in Fed. R. Civ. P. 60(b) apply to the instant case. *See* Dkt. No. 29 at 2. Defendant also states that Plaintiff provided no explanation as to why she wishes to amend the caption, that there is no likelihood of success to warrant the amendment, and that the Court should deny the request. *See id.* at 3. Defendant asserts that Plaintiff's motion for default judgment must be denied because Defendant responded to Plaintiff's motion to reopen in a timely manner. *See* Dkt. No. 33-6 at 6. Additionally, Defendant asserts that, even if he had not responded in a timely manner, Plaintiff would not be entitled to damages as Plaintiff "has also failed to establish her entitlement to damages." *See* Dkt. No. 33-8 at 6.

## II. BACKGROUND

### A. Background Facts

Plaintiff alleges that on January 6, 2006, Defendant, then a Town of Greenport police officer, entered her home "without service of process upon Plaintiff of an arrest warrant."[1] *See* Dkt. 33 at 11. Plaintiff was never read her *Miranda* rights; Defendant "badgered" her, and failed to explain to her why she was being arrested. *See id.* Defendant then ordered Plaintiff to leave her home, causing "a negligent imprisonment against Plaintiff, and . . . a negligent endangerment against Plaintiff, upon escorting Plaintiff, without offering Plaintiff illumination, to a marked police car." *See id.* at 12. Defendant handcuffed Plaintiff and brought her to the police station,

---

[1] For the purposes of the "Background" facts, the Court is presuming the facts that Plaintiff submitted to the Court to be true.

without explaining why she had been arrested, until he finally "stated that [he] 'heard' that Plaintiff was serving liquor to minors . . . admitt[ing] that Plaintiff's arrest was based on hearsay." *See id.* at 13. Defendant handcuffed Plaintiff to a bench in the police station, where she "and defendant remained alone for several hours . . . until the judge arrived so as to arraign Plaintiff." *See id.* at 14. After the judge arrived, Plaintiff was arraigned, bail was set and paid, and she was released. *See id.*

**B.     Plaintiff's State Adjudication**

Plaintiff first brought an action in December 2006 in New York State Supreme Court, Columbia County, alleging that "defendant conspired with a Columbia county resident to have plaintiff arrested and prosecuted in retaliation for plaintiff firing the resident's son from employment at a restaurant called *The Tuscan Oven*." *See* Dkt. No. 25 at 2. Plaintiff was charged with several misdemeanor complaints, and Plaintiff claims that Defendant "also contacted the local newspaper regarding the charges." *See id.* at 2. The charges against Plaintiff were dismissed on August 14, 2006. *See id.*

In Plaintiff's state action, she alleged "common law claims for libel and slander, false arrest and malicious prosecution . . . [and] a claim for malicious prosecution and false arrest pursuant to 42 U.S.C. § 1983" against Defendant and the Town of Greenport. *See id.* at 3. The Court awarded Defendant summary judgment on Plaintiff's slander and libel claims as well as the 42 U.S.C. § 1983 claim. *See id.* at 3-4. After additional filings concerning the false arrest and malicious prosecution claims, on January 9, 2013 the court awarded Defendant summary judgment, dismissing the remainder of Plaintiff's complaint. *See id.*

**C.     Plaintiff's Federal Adjudication**

Plaintiff filed a complaint with this Court in October of 2011.  *See* Dkt. No. 1.  Plaintiff alleged that she "was 'negligently imprisoned' by defendant without service of an arrest warrant and without reading plaintiff her *Miranda* rights . . . [and] that her 'constitutional rights were violated' due to plaintiff being 'negligently endangered' and malicious prosecution."  *See* Dkt. No. 25 at 4.  The Court determined that Plaintiff's state claims for false imprisonment, false arrest, and malicious prosecution were time barred.  *See id.* at 7.  The Court held that, "[u]nder New York law, false arrest and false imprisonment claims are subject to a one year statute of limitations." *See id.*  Accordingly, those claims lapsed on or by January 7, 2007, one year after Plaintiff was released from custody.[2]  *See id.*  Similarly, the Court held that Plaintiff's malicious prosecution claim lapsed on August 14, 2007, one year after the criminal charges against Plaintiff were dismissed.  *See id.*  Moreover, the Court held that the conduct alleged was appropriately characterized as intentional tortious conduct, rejecting Plaintiff's claim that Defendant's conduct was negligent, and holding that the one-year statute of limitations for intentional conduct must apply.  *See id.* at 7-8.

In considering Plaintiff's § 1983 claims, Plaintiff was released on or by January 7, 2006, and because false arrest claims expire three years after the occurrence, Plaintiff's false arrest claim expired on or by January 7, 2009.  *See id.* at 9.  Similarly, claims for malicious prosecution have a three-year statute of limitations; because the criminal charges against Plaintiff were dismissed on August 14, 2006, the Court held that Plaintiff's cause of action for malicious prosecution lapsed on August 14, 2009.  *See id.* at 9-10.

Alternatively, the Court held that Plaintiff's claims were barred by res judicata.  *See id.* at

---

[2] Plaintiff alleges that she was arrested on January 6 and detained at the police station "for several hours."  *See* Dkt. No. 33 at 14.  It is unclear whether Plaintiff was released on January 6 or 7, so the Court will refer to her release as taking place "on or by January 7," resolving the ambiguity in Plaintiff's favor.

12. The Court held that the three factors that bar a claim on res judicata grounds were met. *See id.* The Court noted that the previous action involved the same plaintiff, the previous action resulted in an "adjudication on the merits," and that the claims "asserted in the subsequent action were, or could have been, raised in the prior action," as the claim in Plaintiff's federal complaint and her prior state complaint "'involve[d] the same series of transactions - plaintiff's arrest.'" *See id.* at 10-12 (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)). Therefore, the Court dismissed Plaintiff's § 1983 claims as barred by the doctrine of res judicata. *See id.* at 12.

**D.     Plaintiff's Present Motions**

On February 26, 2013, in response to this Court's Memorandum-Decision and Order, Plaintiff submitted a motion, stating that "Defendant and Defendant's counsel do not deny that Plaintiff was never read Miranda rights, nor served with an arrest warrant, so as for Defendant and Defendant's counsel to admit to Plaintiff's unconstitutional arrest." *See* Dkt. No. 28 at 1. Therefore, Plaintiff reasons that "the judgment must be opened so as to retry the unconstitutional issue raised herein in federal question." *See* Dkt. No. 28 at 2. Plaintiff stated, as a federal question, "why should those who govern the governed permit proof of Defendant's unconstitutional actions against Plaintiff and further violation of Plaintiff's civil rights" and "why should those who govern the governed permit unconstitutional law enforcement against good-faith-citizens?" *See id.* at 4. Plaintiff also submitted a "notice of amended caption," which altered the listing of Defendant from "Joseph O'Connell. Individually and In his Official Capacity as a Police Officer of the Town of Greenport" to include his current employer by adding "and In His Official Capacity As a Police Officer Of the City of Hudson." *See id.* at 3.

In her February 26 motion, Plaintiff asserted "if Defendant fails to oppose Plaintiff's

5

motion for a new trial within fourteen (14) days of receipt of Plaintiff's notice of motion via express mail, a treble-damage award shall be due and owing to Plaintiff in the amount of six hundred seventy five thousand dollars ($675,000.00)." *See id.* at 5.

On April 1, 2013, Defendant submitted an attorney affidavit in opposition to Plaintiff's motion to reopen. *See* Dkt. No. 29 at 1. On April 9, 2013, Plaintiff submitted her motion for default judgment, requesting "(i) [ ] Entry of a Default Judgment against Defendant and Defendant's Counsel; and, further, (ii) to Award Plaintiff a Treble-Damage Default Judgment Award In the Amount of Six Hundred Seventy-Five Thousand Dollars." *See* Dkt. No. 31 at 1-2. Plaintiff's memorandum states that "Defendant and Defendant's counsel have run the statute of limitations" and have been "placed in default April 2, 2013." *See* Dkt. No. 31-1 at 2.

Plaintiff requests "a writ of assistance" to aid Plaintiff in collecting the "money damages due and owing to Plaintiff" as a result of Defendant's failure to reply to her motion in "the time specified." *See* Dkt. No. 31-2 at 1-2. Plaintiff then asserted that,

> [u]pon Defendant and Defendant's Counsel evidencing Contempt of said Default Judgment Award . . . [Defendant] shall owe Plaintiff additional Treble-Damages in the amount of Two-Million-Twenty-Five-Thousand Dollars . . . and, Further, If Defendant and Defendant's Counsel fail to comply upon Order of this Court, Defendant and Defendant's Counsel shall be placed in Contempt of Said Order and owe Plaintiff an additional Treble-Damage Award in the Amount of Six-Million-Seventy-Five-Thousand Dollars.

*See id.* at 2. Plaintiff asserts that she did not receive Defendant's opposition papers until April 4, 2013, and that Defendant was placed in default on April 2, 2013. *See* Dkt. No. 32 at 1-2. Plaintiff further requests "Costs and Attorney Fees for adjudicating the Above-Captioned Action." *See* Dkt. No. 31-2 at 2.

On May 8, 2013, Plaintiff "notice[d] the Court, once again, for application of a default judgment treble-damage award in the amount of six-hundred and seventy-five thousand dollars."

*See* Dkt. No. 35 at 4. Plaintiff then submitted, on May 10, 2013, two "federal questions," which discuss Plaintiff's deprivation of her "due process" and her "constitutional right to the pursuit of life-liberty-and-happiness." *See* Dkt. No. 36 at 2-3. Plaintiff questions why those who use their power ethically permit others to use their power unethically, and why they continue to do so. *See id.* at 2-4.

### III. DISCUSSION

**A.     Plaintiff's Motion to Reopen**

*1. Standard of Review*

Upon submission of a motion to reopen a case,

> a court may relieve a party or its legal representative from a final
> judgment . . . for the following reasons: (1) mistake, inadvertence,
> surprise, or excusable neglect; (2) newly discovered evidence that,
> with reasonable diligence, could not have been discovered in time
> to move for a new trial under Rule 59(b); (3) fraud . . . ,
> misrepresentation, or misconduct by an opposing party; (4) the
> judgment is void; (5) the judgment has been satisfied, released, or
> discharged; it is based on an earlier judgment that has been reversed
> or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A true Rule 60(b) motion must be predicated on one of five narrow and specific grounds or on a sixth ground which, despite its open wording, has been narrowly cabined by the precedent of [the United States Court of Appeals for the Second Circuit]." *Harris v. United States*, 367 F.3d 74 at 80 (2d Cir. 2004). "In this District, reconsideration of an order entered by the court is appropriate only upon a showing of '(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Pickering-George v. Cuomo*, No. 1:10-CV-0771, 2011 U.S. Dist. LEXIS 51033, *14 (N.D.N.Y. May 12, 2011) (collecting cases). "The

7

benchmark for seeking reconsideration of a court's order has been described as 'demanding[.]'" *Id.* at *16 (citation omitted).

"To qualify for reconsideration, '[t]he moving party [must] point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Id.* at 17 (citing *Shrader v. CSX Transp., Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995)). If the party is moving for reconsideration under rule 60(b)(6), the party must show "exceptional circumstances" or "extreme hardship." *United States v. Cirami*, 563 F.2d 26, 30 (2d Cir. 1977) (citing *United States v. Cirami*, 535 F.2d 736, 741 (2d Cir. 1976)). The Second Circuit holds a "firm belief that courts should not encourage the reopening of final judgments or casually permit the relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case." *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977).

### *2. Merits of Plaintiff's Motion*

Plaintiff submitted a motion "for a new trial", stating that

> Defendant evidenced an example of an unconstitutional act against Plaintiff in violation of Plaintiff's civil rights, upon an initial unconstitutional arrest of Plaintiff, in failing to read Plaintiff *Miranda* rights and in failing to present to Plaintiff an arrest warrant; [ ] Defendant evidenced a pattern of unconstitutional actions against Plaintiff in violation of Plaintiff's civil rights, as an officer on desk duty for the City of Hudson Police Department . . . Plaintiff respectfully requests the judgment to be opened so as to re-try the issue of violaion [sic] of Plaintiff's constitutional rights.

*See* Dkt. No. 28 at 4-5.

Plaintiff has not demonstrated that her motion to reopen satisfies the standard set forth in *Pickering-George v. Cuomo*, which requires a change in the controlling law, newly available evidence, or a need to correct a clear error of law or prevent manifest injustice. Plaintiff has not

presented the Court with any information that meets the "demanding" standard required in order to reopen a case. In fact, Plaintiff's motion is substantively the same as her prior complaint in this Court. Plaintiff did not address the reasons why her claims were dismissed by this Court, being that her claims were barred by the statute of limitations and res judicata. Plaintiff made no showing of "extreme hardship" or an "exceptional circumstance" that would require an equitable re-opening. Plaintiff's attempt to re-assert her claims cannot proceed without a demonstration that improperly dismissed this matter on res judicata and statute of limitations grounds, which she has failed to do.

Based on the foregoing, the Court denies Plaintiff's motion to reopen.

**B.     Plaintiff's Motion for a Default Judgment**

A motion for default judgment may be granted "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55. To obtain a default judgment, "[a] litigant must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default . . ." *Chao v. Party Rental Enters.*, 5:07-CV-0449, 2008 U.S. Dist. LEXIS 63872, *15 (N.D.N.Y. Aug. 15, 2008) (citing Fed. R. Civ. P. 55).

This Court instructed Defendant to respond to Plaintiff's motion to reopen by April 1, 2013. *See* Dkt. No. 33 at 36. This Court received and filed Defendant's response on April 1, 2013. *See* Dkt. No. 29 at 3. Further, Defendant has provided the Court with a certificate of service from its sending of the response to Plaintiff which is dated April 1, 2013. *See* Dkt. No. 30 at 1. Defendant did not "fail[] to plead or otherwise defend." Defendant is therefore not in default.

Based on the foregoing, the Court denies Plaintiff's motion for default judgment and her

9

writ of assistance to obtain the default judgment.

**C.     Plaintiff's Amended Caption**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it."  Fed. R. Civ. P. 15(a).

Plaintiff sent the court a "notice of amended caption," which simply stated that "Plaintiff . . . notices all concerned parties as to the following Amended Caption," and provides an image of the new caption.[3]  *See* Dkt. No. 28 at 3.  In the amended caption, Plaintiff includes Defendant's current employment in the City of Hudson in addition to his former employment with the Town of Greenport at the time when the occurrences surrounding Plaintiff's claim took place.  *See id.*  Since Plaintiff's motion to reopen the case is denied, however, Plaintiff's motion to amend is denied as moot.

Even if the Court were reopening the case, the Court would not accept Plaintiff's amended caption including Defendant in his official capacity as a police officer of the City of Hudson. Plaintiff's claim against Defendant in his official capacity as a police officer of the City of Hudson is barred by the statute of limitations because Plaintiff did not include this employer until eight years after the occurrence that is the basis of Plaintiff's claims.  Under Rule 15(c) of the Federal Rules of Civil Procedure, "[a]n amendment to a pleading relates back to the date of the original pleading when" the claim in the amendment "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading."  Fed. R. Civ. P. 15.  An amendment may "change[] the party or the naming of the party against whom a claim is asserted," if the party "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have

---

[3] The Court will refer to Plaintiff's "notice of amended caption" as a motion to amend the caption.

known that the action would be brought against it, but for a mistake concerning the proper party's identity." *Id.*

"[O]fficial capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Ky. v. Graham*, 473 U.S. 159 at 165 (1985). Therefore, Plaintiff's amended caption actually creates a claim against the City of Hudson. In the present matter, it is clear that relation back would not apply for any claims brought against the City of Hudson. Even if the doctrine did apply, any such claim would still be untimely for the reasons set forth in the Court's Memorandum-Decision and Order dismissing this case.

Based on the foregoing, the Court denies Plaintiff's motion to amend her caption.

**D.    Plaintiff's Request of Costs and Attorney Fees**

Plaintiff additionally requests "Costs and Attorney Fees for adjudicating the . . . Action." *See* Dkt. No. 31-2 at 2. Fee shifting is prohibited "in most cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (citation omitted). The Supreme Court has recognized three circumstances in which fee shifting is appropriate: 1) when a party's "litigation efforts directly benefit[s] others"; 2) "as a sanction for the 'willful disobedience of a court order'"; and 3) "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* at 45-46 (citations omitted) (quotations omitted). The third circumstance is met "if a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled' . . . as when a party 'shows bad faith by delaying or disrupting the litigation by hampering enforcement of a court order.'" *Id.* at 46.

Plaintiff has asserted that Defendant did not respond in a timely manner to her motion to reopen, claiming that Defendant must then pay attorney fees under the second or third circumstance recognized in *Chambers*. Defendant did respond to Plaintiff's motion by the date that this Court had instructed; therefore, Defendant's conduct did not constitute "willful

11

disobedience of a court order," and there is no evidence to support the proposition that he "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."

Based on the foregoing, the Court denies Plaintiff's request for costs and attorney fees.

### IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to reopen is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion for default judgment is **DENIED**; and the Court further

**ORDERS** that Plaintiff's request for costs and attorney fees is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion to amend the caption is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 1, 2013
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge